Robbie Herbert RANDALL, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. C–92–232.

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1993.

## ORDER GRANTING WRIT
## OF CERTIORARI

The Petitioner, Robbie Herbert Randall, pled guilty before the Honorable John Maley on December 6, 1991, in Okmulgee County District Court, Case No. CRF–91–188, to Robbery in the First Degree, After Former Conviction of Two or More Felonies. The trial court sentenced Petitioner to thirty years imprisonment with fifteen years suspended. On December 16, 1991, Petitioner filed a hand written request that he be permitted to withdraw his guilty plea. The trial court denied Petitioner's request on December 19, 1991, after conducting a formal hearing. Petitioner was not represented by counsel at this hearing and proceeded pro se. Petitioner has now filed a Petition for Writ of Certiorari with this Court.

Petitioner asserts the following allegations of error: (1) that he was improperly denied legal counsel at the hearing to withdraw his guilty plea; and (2) that the trial court erred in denying his motion to withdraw guilty plea. We need only address Petitioner's first allegation as we find Petitioner was improperly denied counsel at the hearing on his application to withdraw guilty plea.

■ The sixth amendment right to assistance of counsel applies to every "critical stage" of a criminal prosecution. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). The right to counsel further extends to a defendant's first appeal of right. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). This includes the 10 day period for filing a notice of intent to appeal. *Baker v. Kaiser*, 929 F.2d 1495 (10th Cir.1991); *See also Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Nelson v. Peyton*, 415 F.2d 1154 (4th Cir.1969), *cert. denied*, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970). However, few courts have addressed the specific issue of whether a hearing to withdraw guilty plea is a "critical stage" which invokes a defendant's right to counsel. As this Court has never directly addressed this issue, we look to other jurisdictions for guidance.

In *Martin v. State*, 588 N.E.2d 1291 (Ind. App. 5 Dist.1992), the Indiana Court of Appeals, Fifth District, answered this question affirmatively. The court rationalized that because "a motion to withdraw a plea of guilty involves both intricacies of law and advocacy by the prosecutor" the proceeding qualifies as a "critical stage". *Martin* at 1293. Similarly, in *U.S. v. Crowley*, 529 F.2d 1066, 1069 (3rd Cir.), *cert. denied*, 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976), the court found that "[a]t least absent unusual circumstances, a hearing on a motion to withdraw a guilty plea is sufficiently important in a federal criminal prosecution that the Sixth Amendment requires the presence of counsel".

However, the court further found that the harmless error doctrine set forward in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) is "applicable to the denial of counsel at a hearing on a motion to withdraw a guilty plea where (1) the defendant alleges neither that he is innocent nor that his original plea was involuntary (cite omitted), and where (2) it is clear that the defendant is not entitled to withdraw his plea." *Crowley* at 1070.

Although a guilty plea appeal is technically referred to in Oklahoma as a "certiorari appeal", Oklahoma has always treated this appeal as an appeal of right. *See* 22 O.S.1981, § 1051. The application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing this appeal as provided by Rule 4.1, *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.1991, Ch. 18, App. Furthermore, the importance of these two steps is emphasized when you consider that Rule 4.1 specifically provides that "[n]o matter may be raised in the petition for writ of certiorari unless the same has been raised in the application to withdraw the plea."

Undoubtedly the prosecutor is always involved at an evidentiary hearing on an Application to Withdraw Guilty Plea. Furthermore, witnesses can be called and cross-examined, and legal issues are addressed and argued. Couple this with the fact that the evidentiary hearing is a necessary step in securing and preserving a defendant's appeal of right, it appears clear that the hearing is a "critical stage" invoking a defendant's right to counsel.

■■■ Based upon these considerations, we hold that a hearing on a application to withdraw guilty plea is a "critical stage" which invokes a defendant's right to counsel. We further find that the harmless error doctrine as set forth in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) is applicable where: (1) the defendant neither alleges that he is innocent nor that his plea was involuntary; and (2) it is clear that the defendant is not entitled to withdraw his plea. *See Crowley*, 529 F.2d at 1070.

■■■ In the instant case, appellant pled guilty to First Degree Robbery, After Former Conviction of Two or More Felony Convictions, on December 6, 1991. The plea was pursuant to a plea agreement for a thirty year sentence with fifteen years suspended. Appellant was represented by his court appointed attorney, Mr. William Dale. On December 13, 1991, Appellant sent a letter to Judge Maley seeking to withdraw his guilty plea. Therein, appellant specifically requested an opportunity to get his own lawyer (O.R. 19).

A hearing on appellant's application was held on December 19, 1991. At the hearing, the trial court made note that Mr. Dale was present in the courtroom. However, Judge Maley made it clear that Mr. Dale was not representing appellant at this hearing (Tr. 3). Rather, Mr. Dale was merely present to "sit in and listen to" appellant's concerns (Tr. 3). The court at no time asked appellant if he had attempted to obtain private counsel, nor did the court advise appellant of his right to counsel. Mr. Dale did not participate in the proceedings other than briefly defending his representation of appellant.

Appellant was clearly denied his right to counsel as he never voluntarily waived his right. *Vanderpool v. State*, 501 P.2d 871, 874 (Okl.Cr.1972). We further find that the harmless error doctrine is not applicable in this case. A formal record of the actual guilty plea does not appear to have been made. Therefore, our review of the guilty plea was limited to the original record and the transcript of the hearing on appellant's application to withdraw guilty plea. While appellant does not allege that he is innocent or that his plea was involuntary, we cannot clearly find with certainty that appellant would not be entitled to withdraw his guilty plea. We must come to this conclusion as the Summary of Facts form does not show that appellant was advised as to the appropriate range of punishment for the charged offense.

We therefore find that this matter should be REMANDED to the District Court for a proper hearing on appellant's Application

to Withdraw Guilty plea in compliance with this order.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge