19 P.3d 495 (2001)
STATE of Washington, Respondent,
v.
Corey M. WINSTON, Appellant.
No. 44858-7-I.
Court of Appeals of Washington, Division 1.
March 19, 2001.
*496 James Dixon, Nielsen Broman Associates PLLC, Seattle, for appellant.
James Krider, Snohomish County Prosecutor, Everett, for respondent.
BECKER, A.C.J.
There is no constitutional right to counsel in postconviction proceedings, other than the first direct appeal of right. A convicted defendant who moves in the trial court to withdraw a guilty plea months after entry of his judgment and sentence is not constitutionally entitled to appointment of counsel even if the trial court grants a hearing on the motion.
Corey Winston pleaded guilty to three counts of burglary. The court entered judgment on January 20, 1998, and sentenced him to 10-½ years of incarceration. By pleading guilty, Winston gave up his right to appeal the finding of guilt.[1]
In January of 1999, Winston filed a motion in the trial court entitled "Motion for New Trial RCW 10.73.090, Withdraw of Guilty Plea". He signed the motion on January 17th and mailed it from Airway Heights Correctional Center on the 19th. The trial court received it on January 22, 1999. In a letter attached to the motion, Winston explained that he was pro se, and asked that the motion either be presented without his presence or that he be allowed to participate by telephone. The motion itself merely stated that it was based on "lack of defense representation", and also quoted from a statute that sets forth grounds for collateral attack that are not subject to the statutory one year time bar. See RCW 10.73.100(2)(5) and (6).
In a letter dated February 24th, the court informed Winston and the State that the motion was set for March 10, 1999. The court stated the "defendant has requested he be allowed to make argument by telephone, which I will permit". Approximately one week later, Winston submitted an order to show cause as to "Why Defendant Corey M. Winston's Motion To Withdraw His Guilty Plea Should Be Granted". In this document, Winston alleged, among other things, that he had received ineffective assistance of counsel, that he was not aware of the nature of the charges, that he did not knowingly enter his guilty plea, and that his constitutional rights had been violated.
On the date of the motion, Winston participated by telephone. The judge asked Winston, "you are representing yourself here today; is that correct?". Winston replied that he was. The judge then invited Winston to "proceed with argument" on his motion. Winston made a presentation in which he said, among other things, that his guilty plea was entered unknowingly and involuntarily, that his offender score was miscalculated, that the court did not have jurisdiction, that he had not waived his right to a jury trial, and that the Revised Code of Washington was not law. His only factual allegation was that the attorney who represented him at trial had traveled out of the country and upon his return told Winston that "there was nothing that he could do." Winston argued that his attorney did not intend to prepare for his case and that his constitutional rights were violated by his attorney.
The State responded, first, that the motion should be denied because it was filed two *497 days after the statutory one year limit for collateral attack motions.[2] Second, the State argued that Winston's allegations were not supported by the record, were incorrect as a matter of law, or were simply incomprehensible.
The court denied the motion, finding it untimely and that in any case, Winston had failed to show why he was entitled to withdraw his plea. Winston appeals.
A trial judge may deny a motion for relief from judgment without a hearing if the facts alleged do not establish grounds for relief. CrR 7.8(c)(2). Winston, however, argues that once the court decided to hold a hearing on March 10 to consider his motion to withdraw his guilty plea, the hearing became a critical stage of the criminal prosecution at which he had the constitutional right to have counsel appointed. He asks this court to reverse the order denying his motion to withdraw his plea, and remand for a new hearing with appointed counsel. He contends this result is compelled by our decision in State v. Harell, 80 Wash.App. 802, 911 P.2d 1034 (1996).
In Harell, before the trial court entered judgment and sentence, the defendant moved to withdraw his plea of guilty, alleging ineffective assistance of counsel during the plea stage. The trial court granted a hearing on the motion. Defense counsel testified as a witness for the State. The defendant was otherwise unrepresented. The trial court found that defense counsel had not been ineffective, and denied the motion. On appeal, the issue was whether the defendant was entitled to counsel at the hearing. We first acknowledged the rule that a defendant has a constitutional right to appointed counsel at all critical stages of a criminal prosecution. Harell, 80 Wash.App. at 804, 911 P.2d 1034, citing State ex rel. Juckett v. Evergreen Dist. Ct., 100 Wash.2d 824, 828, 675 P.2d 599 (1984). Relying in part on authority from other jurisdictions, we held that "a plea withdrawal hearing is a critical stage giving rise to the right to assistance of counsel." Harell, 80 Wash.App. at 804, 911 P.2d 1034.
According to Winston, our holding in Harell requires the appointment of counsel whenever a trial court grants a hearing on a motion to withdraw a guilty plea. But Harell cannot be read as guaranteeing a constitutional right to counsel to prosecute a collateral attack upon a judgment. It is well-established that there is no constitutional right to counsel in post conviction proceedings, other than the first direct appeal of right. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); In Re Gentry, 137 Wash.2d 378, 390, 972 P.2d 1250 (1999) ("There is no constitutional right to counsel in postconviction proceedings").[3]
Among the cases cited in Harell was Randall v. State, 861 P.2d 314, 316 (Okla.Crim.App.1993). Winston points out that in Randall, the court concluded that a plea withdrawal hearing was a critical stage even though the motion to withdraw the guilty plea was brought after entry of the judgment and sentence. But the decision to appoint counsel in Randall can be harmonized with Pennsylvania v. Finley because the defendant had filed his motion to withdraw during Oklahoma's 10 day period for filing a notice of intent to appeal. Oklahoma treats a guilty plea appeal as an appeal of right. See Randall, 861 P.2d at 315. The Randall court relied on federal cases holding that the constitutional right to counsel at a criminal trial further extends to a defendant's first appeal of right, and therefore includes the relatively brief period of time allowed postconviction for filing a direct appeal. See, e.g., Baker v. Kaiser, 929 F.2d 1495, 1498-99 (10th Cir.1991), cited in Randall, 861 P.2d at 315. Randall goes a step further, and assumes that if counsel is available as a matter of *498 constitutional right to assist a defendant in filing an appeal after a trial, then counsel must similarly be made available during the same brief postconviction period to assist with a motion to withdraw a guilty plea.
The Harell court's citation to Randall does not mean that this court would necessarily reach the same result that Randall did with respect to a motion to withdraw a plea brought after conviction, but within the window of time normally allowed for filing a direct appeal from a judgment after a trial. Harell involved a motion brought before judgment was entered, at a time when the right to counsel at the trial stage was still present. But even if Randall were binding precedent, it would not support Winston's assertion that the timing of a motion to withdraw a plea is irrelevant to the right to counsel. Winston, unlike the defendants in Randall and Harell, brought his motion months after judgment was entered. At that point, the constitutional right to counsel recognized in Harell and Randall, consistent with Pennsylvania v. Finley, was not available to Winston.
Winston does not claim that he had a statutory right to publicly funded counsel. To have a full picture of the various situations in which a right to counsel exists, however, it is important to know that the Washington Legislature has extended the right to counsel beyond constitutional requirements in certain circumstances. In a non-capital case, a defendant who initiates a collateral attack upon his judgment and sentence by filing a personal restraint petition may have a statutory right to counsel if certain conditions are satisfied. RCW 10.73.150(4). The chief judge of the Court of Appeals first screens a personal restraint petition to determine if it is barred by any of the limitations in RCW ch. 10.73, and then reviews the issues raised in the petition to determine whether they have any merit. Only if the chief judge determines that the issues raised are not frivolous will counsel be appointed. RCW 10.73.150(4). The Legislature has not provided a corresponding right to counsel for a collateral attack filed in a trial court by way of a CrR 7.8 motion for relief from judgment. See State v. Mahone, 98 Wash.App. 342, 346-47, 989 P.2d 583 (1999) (RCW 10.73.150 controls right to publicly funded counsel in proceedings beyond the first appeal as a matter of right, and does not provide such a right with respect to a motion in the trial court for relief from costs awarded by appellate court.).
Criminal Rule 7.8(b) allows a trial court to entertain a motion for relief from judgment for up to a year after judgment or even longer in some cases. When the trial court receives a CrR 7.8 motion, the court is to make a preliminary evaluation of the factual support for the motion. If the facts alleged in the affidavits do not establish grounds for relief, the trial court may deny relief without a hearing. CrR 7.8(c)(2). If the court determines that the facts alleged in the affidavits establish grounds for relief, the court may fix a time and place for a hearing and direct the opposing party to appear and show cause why the relief requested should not be granted. CrR 7.8(c)(2). The trial court may also transfer such a motion to the Court of Appeals for consideration as a personal restraint petition "if such transfer would serve the ends of justice." CrR 7.8(c)(2).[4] In that case, the chief judge will screen the application as if it were a personal restraint petition. Thus, although a convicted defendant like Winston is not obligated to present a postjudgment plea withdrawal motion by way of a personal restraint petition, it is only when such a motion is treated as a personal restraint petition that a statutory right to counsel may exist. The statute thereby creates an incentive to file a collateral attack in the Court of Appeals instead of in the trial court. Centralizing the screening of collateral attack motions in the Court of Appeals promotes economy and uniformity in the distribution of resources for the appointment of counsel in postconviction proceedings.
In this case, Winston chose to file his collateral attack in the trial court. The trial court scheduled a hearing and allowed Winston *499 to present argument. In Harell we said, "Implicit in the trial court's decision to hold a hearing is a finding that sufficient facts were alleged to warrant a hearing." Harell, 80 Wash.App. at 804, 911 P.2d 1034. Relying on this statement, Winston contends that the trial court's decision to schedule a hearing in his case similarly implied a determination that he had alleged facts sufficient to establish grounds for relief. Once this happens, Winston argues, the hearing becomes a critical stage under Harell, requiring appointment of counsel as a matter of constitutional right.
It is unlikely that the trial court's decision to schedule the "hearing" on March 10 on Winston's motion implied a finding that he had alleged sufficient facts to warrant a show cause hearing of the type envisioned by CrR 7.8(c). There is no record of the trial court having issued a show cause order to the State. The only indication of the court's reason for scheduling argument on Winston's motion is its letter stating that the "defendant requested he be allowed to make argument by telephone" which the court would "permit". Winston's motion alleged no facts from which the court could have found an evidentiary hearing was warranted. It appears the court was merely accommodating Winston's request to present his motion by telephone.
But even if the trial court had actually determined that Winston's plea withdrawal motion alleged sufficient facts to warrant a hearing under CrR 7.8(c)(2), Winston still would not have had a constitutional right to appointment of counsel to represent him at the hearing. He argues that a postconviction hearing is a critical stage requiring appointment of counsel because it "presents a possibility of prejudice" to the defendant. See Harell, 80 Wash.App. at 804, 911 P.2d 1034. While the possibility of prejudice is indeed a factor to be considered in deciding whether a particular hearing is a critical stage, Winston has put the cart before the horse. The preliminary question, under Pennsylvania v. Finley, is whether the hearing addresses an application for postconviction relief other than the first direct appeal of right. If it does, there is no constitutional right to counsel. Here, the time period had long expired during which Winston was constitutionally entitled to have counsel appointed. The hearing held by the trial court on Winston's postconviction motion was not a critical stage of the prosecution, no matter how great the potential for prejudice due to the legal and factual obstacles that Winston faced in attempting to withdraw his plea.
Affirmed.
AGID, C.J., and BAKER, J., concur.
NOTES
[1] CP 131; CrR 4.2.
[2] RCW 10.73.090(1) states, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."
[3] This court has rejected a claim that the right to counsel guaranteed by article 1, § 22 (amendment 10), of the Washington Constitution provides more protection than the Sixth Amendment of the federal constitution. State v. Medlock, 86 Wash.App. 89, 99, 935 P.2d 693, review denied, 133 Wash.2d 1012, 946 P.2d 402 (1997).
[4] Had Winston's motion been transferred to or filed in this court, it would have been summarily dismissed under RAP 16.11 (b) as frivolous because it consisted of conclusory allegations. See In re Cook, 114 Wash.2d 802, 813-14, 792 P.2d 506 (1990).