[Nos. 30703-1-II; 30707-3-II.   Division Two.   February 8, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY LEE FOREST, *Appellant*.

*John A. Hays*, for appellant.

*Susan I. Baur, Prosecuting Attorney*, and *Michelle L. Shaffer, Deputy*, for respondent.

¶1 BRIDGEWATER, J. — Jerry Lee Forest appeals the trial court's denial of his CrR 7.8 motion to withdraw his guilty plea without a hearing. His failure to support his motion with an affidavit precludes review. Additionally, we decline to adopt the rule in *Randall v. State*, 1993 OK CR 47, 861 P.2d 314, that a defendant is entitled to court-appointed counsel to determine whether a hearing should be held after entry of judgment and sentence on a CrR 7.8 motion if it is brought within the appeal-of-right period. We affirm.

¶2 On February 6, 2003, Forest was charged by second amended information under cause 02-1-00949-0 with one count of second degree assault and two counts of bail jumping. And on February 26, Forest was charged under cause 03-1-00211-6 with one count of second degree kidnapping; one count of first degree robbery; two counts of residential burglary; one count of resisting arrest; and one count of third degree attempted escape, later amended to a single count of unlawful imprisonment. Forest entered a single plea in both causes, pleading guilty to one count of

bail jumping and one count of unlawful imprisonment.[1] Upon acceptance of his plea, on May 2, 2003, the court sentenced Forest to two concurrent 51-month terms.

¶3 Forest filed pro se a motion to withdraw his guilty plea under CrR 4.2 and CrR 7.8 and requested an evidentiary hearing. Forest first argued that he had not committed bail jumping because he was simply "5- to 20 minutes late" for his court appearance and had "appear[ed]." 1 Clerk's Papers (CP) at 30. He further stated that his tardiness was justified by a "lawful excuse" because he had a "medical problem." 1 CP at 30. In addition, Forest argued that, as to the unlawful imprisonment charge, the victim had recanted her statement to police that Forest had stolen her money and kidnapped her and that she had told the prosecutor not to press charges against him. Forest also argued that the victim had told the prosecutor that she had medical issues and was bipolar and that this information had been "withheld." 2 CP at 35. He concluded that the trial court should not have accepted his plea in either case. Forest did not attach any sworn affidavits to his motion.

¶4 The trial court held an initial hearing on Forest's motion for an evidentiary hearing. Forest appeared pro se and asserted that his trial counsel had not informed him of all the elements of bail jumping before he pleaded guilty. He argued that after conducting his own legal research on the matter, he did not believe that he was guilty or that a jury would have convicted him if he had gone to trial. Forest also stated that he had done some "law work" regarding the unlawful imprisonment charge and that he did not think he was guilty of that crime either. Report of Proceedings at 6. The court denied Forest's motion for an evidentiary hearing, finding that he was not entitled to relief based on the facts alleged in his CrR 7.8 motion. He appeals.

---

[1] For ease of reference, 1 Clerk's Papers (CP) will refer to cause 02-1-00949-0 and 2 CP will refer to cause 03-1-00211-6.

## I. Evidentiary Hearing

¶5 Forest contends that the trial court erred in denying an evidentiary hearing on his CrR 7.8 motion. He argues that the motion sufficiently alleged facts establishing grounds for relief—i.e., that counsel had not properly informed him of the elements of bail jumping or of the "weakness of the [S]tate's case" regarding the unlawful imprisonment charge. Br. of Appellant at 26. But Forest did not support his motion to withdraw his plea with any sworn affidavits or documents signed under penalty of perjury; thus, his claims fail.

¶6 Under CrR 4.2(f), a defendant is permitted to withdraw a guilty plea whenever it appears that withdrawal is necessary to correct a "manifest injustice." CrR 7.8 governs postjudgment CrR 4.2 motions. CrR 4.2(f). We review a trial court's CrR 7.8 ruling for an abuse of discretion. *State v. S.M.*, 100 Wn. App. 401, 409, 996 P.2d 1111 (2000).

¶7 CrR 7.8(c)(1) provides that a motion to withdraw a guilty plea "shall be made by motion stating the grounds upon which relief is asked, and *supported by affidavits* setting forth a concise statement of the facts or errors upon which the motion is based." (Emphasis added). Under CrR 7.8(c)(2), the trial court may deny the motion "without a hearing if the facts alleged in the affidavits do not establish grounds for relief." An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." BLACK'S LAW DICTIONARY 62 (8th ed. 2004).

¶8 In the alternative, RCW 9A.72.085 contains a substitute for an affidavit: a party may submit an unsworn written statement that "[r]ecites that it is certified or declared by the person to be true under penalty of perjury." RCW 9A.72.085(1). Here, although Forest presented facts in support of his motion, they were not in the form of a sworn affidavit. Nor did his motion state that it was certified or signed under penalty of perjury. Thus, Forest's

motion was not properly before the trial court and we need not further address his claims.

## II. Right to Counsel

■ ¶9 Forest contends that the trial court denied his Sixth Amendment right to counsel by failing to appoint counsel to represent him on his CrR 7.8 motion. But Forest brought his motion after entry of judgment and sentence, and a criminal defendant has no constitutional right to counsel in postconviction proceedings other than the first direct appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *State v. Winston*, 105 Wn. App. 318, 321, 19 P.3d 495 (2001). Forest did not file a direct appeal. He had 30 days[2] to do so but did not.

■ ¶10 Forest's motion is a collateral attack on the judgment and sentence[3] brought under CrR 7.8. To illuminate the procedure under CrR 7.8, we quote from *Winston*:

When the trial court receives a CrR 7.8 motion, the court is to make a preliminary evaluation of the factual support for the motion. If the facts alleged in the affidavits do not establish grounds for relief, the trial court may deny relief without a hearing. CrR 7.8(c)(2). If the court determines that the facts alleged in the affidavits establish grounds for relief, the court may fix a time and place for a hearing and direct the opposing party to appear and show cause why the relief requested should not be granted. CrR 7.8(c)(2). The trial court may also transfer such a motion to the Court of Appeals for consideration as a personal restraint petition "if such transfer would serve the ends of justice." CrR 7.8(c)(2). In that case, the chief judge will screen the application as if it were a personal restraint petition. Thus, although a convicted defendant like Winston is not obligated to present a postjudgment plea withdrawal motion by way of a personal restraint petition, it is only when such a

---

[2] RAP 5.2(a)(1).

[3] RCW 10.73.090(2).

motion is treated as a personal restraint petition that a statutory right to counsel may exist.

*Winston*, 105 Wn. App. at 323-24 (footnote omitted).

¶11 In *Winston*, the trial court permitted the defendant to argue his CrR 7.8 motion to withdraw his guilty plea over the telephone. *Winston*, 105 Wn. App. at 320. Contrary to the defendant's assertion, the appellate court held that this was not a "critical stage," guaranteeing a constitutional right to counsel, and that the defendant had no right to counsel. *Winston*, 105 Wn. App. at 325.

■■ ¶12 Nevertheless, Forest argues that this court should adopt the rule announced in *Randall*, 861 P.2d 314, that a defendant is entitled to counsel on a motion to withdraw guilty plea brought after judgment and sentence but within the appeal-of-right period. He asserts that *Randall* "should be followed for any post-trial motion brought within the short 30 day window of time during which a defendant has the right to file a notice of appeal." Br. of Appellant at 15.

¶13 We decline Forest's invitation to follow *Randall*. Such a decision would fly in the face of precedent that the right of counsel does not apply to collateral, postconviction requested relief without either Supreme Court rule or statute.[4] Furthermore, Oklahoma treats a guilty plea appeal as an appeal of right; Washington treats it as a collateral attack on the judgment. *See Randall*, 861 P.2d at 316. *Randall* is not binding precedent, and we decline to follow it.[5]

¶14 Affirmed.

QUINN-BRINTNALL, C.J., and HOUGHTON, J., concur.

---

[4] The legislature has not provided a right to counsel for a collateral attack filed in a trial court by way of a CrR 7.8 motion for relief from judgment. *See State v. Mahone*, 98 Wn. App. 342, 346-47, 989 P.2d 583 (1999).

[5] Another hurdle that we note, but need not address, is that Forest did not request an attorney to represent him on his CrR 7.8 motion. Because we hold that he was not entitled to appointed counsel, we do not address this issue.