**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 33914, 33915, 33916 & 33917**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 16** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: March 8, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| CURTIS GLENN HARTSHORN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Richard T. St. Clair, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.  Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.  Jessica M. Lorello argued.

---

WALTERS, Judge Pro Tem

Curtis Glenn Hartshorn appeals from the district court's order denying his motion to withdraw a guilty plea.  In addition, Hartshorn appeals from the district court's orders denying his motions under Idaho Criminal Rule 35 for reduction of his sentences.   For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Pursuant to a plea agreement, Hartshorn pled guilty to possession of a controlled substance with intent to deliver.  I.C. § 37-2732(a)(1)(A).  Hartshorn was sentenced to a unified term of ten years, with a minimum period of confinement of three years.  The district court suspended Hartshorn's sentence and placed him on probation for five years.  As conditions of probation, the district court ordered Hartshorn to serve an additional sixty days in the county jail with work release privileges and to complete a substance abuse evaluation and treatment as

1

recommended by his probation officer. Two days after Hartshorn was sentenced, Hartshorn left the county jail on work release and failed to return. The following day, Hartshorn was charged with escape. I.C. § 18-2505.

A few months later, Hartshorn was arrested for escape and four counts of issuing a check without funds. I.C. § 18-3106(a). After his arrest, an aggravated assault charge was filed against Hartshorn for attempting to commit a violent injury upon an arresting officer. I.C. §§ 18-901, 18-905(a). In addition, Hartshorn was charged with grand theft for taking, obtaining, or withholding a financial transaction card belonging to another person. I.C. §§ 18-2403, 18-2407(1)(b)(3). A public defender was appointed to represent Hartshorn.

Pursuant to a plea agreement, Hartshorn pled guilty to escape and to one count of issuing a check without funds and entered an *Alford*[1] plea to grand theft. In exchange for the guilty pleas, the prosecutor agreed to make certain sentence recommendations and to dismiss the aggravated assault charge and the three counts of issuing a check without funds. A few days after entering his pleas, Hartshorn sent a letter to the district court, stating that he did not feel comfortable pleading guilty, that he wanted to disqualify his current counsel, and wanted to represent himself. The district court treated the letter as a motion to withdraw Hartshorn's guilty pleas. At a hearing on the motion, Hartshorn agreed to withdraw his motion to withdraw his pleas if the district court would immediately proceed with his sentencing and disposition for his probation violation.

The district court agreed to sentence Hartshorn immediately. The district court revoked Hartshorn's probation and ordered execution of the previously suspended sentence for possession of a controlled substance with intent to deliver. For escape, the district court sentenced Hartshorn to a determinate term of one year, to be served consecutive to the sentence in the controlled substance case. For issuing a check without funds, the district court sentenced Hartshorn to a determinate term of three years, to run concurrent with the controlled substance sentence. Finally, for grand theft, the district court sentenced Hartshorn to a unified term of twelve years, with a minimum period of confinement of four years, also to be served concurrent with the controlled substance sentence. Hartshorn was represented by counsel at the hearing on

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

the motion to withdraw his guilty plea, at disposition on the probation violation, and at sentencing.

Hartshorn filed pro se I.C.R. 35 motions for reduction of his sentences, asking for leniency due to mental health and substance abuse issues. After a hearing, the district court denied Hartshorn's Rule 35 motions.

Thereafter, Hartshorn filed a pro se appeal from each of the district court's orders denying the Rule 35 motions. The district court ordered the appointment of the state appellate public defender and the withdrawal of the county public defender on appeal. While his appeal was pending, Hartshorn filed a pro se motion to withdraw his guilty plea to grand theft. As a result, the proceedings on appeal were suspended pending the outcome of the motion to withdraw the plea. At a hearing on the motion, Hartshorn appeared via telephone and argued the motion to withdraw the plea without counsel. The district court denied the motion to withdraw the guilty plea. Subsequently, the proceedings on appeal resumed.

## II.

## ANALYSIS

Hartshorn argues that the district court erred by holding the hearing on his motion to withdraw plea without the presence of counsel. In addition, Hartshorn appeals the district court's order denying the Rule 35 motions. Specifically, Hartshorn asserts that the district court abused its discretion by not considering Hartshorn's substance abuse problem during sentencing.

### A.     Motion to Withdraw Guilty Plea

Hartshorn contends that the district court denied him his Sixth Amendment right to counsel by holding the hearing on the post-judgment motion to withdraw his guilty plea to grand theft without the presence of counsel. Specifically, Hartshorn asserts that a post-judgment hearing on a motion to withdraw a guilty plea is a critical stage of the proceedings.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel during all critical stages of the adversarial proceedings against him or her. *Estrada v. State*, 143 Idaho 558, 562, 149 P.3d 833, 837 (2006). *See also United States v. Wade*, 388 U.S. 218, 224 (1967). A defendant's right to effective assistance of counsel extends to all critical stages of the prosecution where his or her substantial rights may be affected. *Estrada*, 143 Idaho at 562, 149 P.3d at 837. In determining whether a particular stage is critical, it is necessary to analyze whether potential substantial prejudice to the defendant's rights inheres in

3

the particular confrontation and the ability of counsel to help avoid that prejudice. *Id*. If the stage is not critical, there can be no constitutional violation, no matter how deficient counsel's performance. *Id*.

Neither this Court, nor the Idaho Supreme Court, have specifically addressed whether a hearing on a post-judgment motion to withdraw a guilty plea is a critical stage. The federal courts prohibit a defendant from withdrawing a guilty plea after the court imposes sentence. Fed. R. Crim. P. 11(e). Meanwhile, only a few states have decided this issue and most of them employ different standards or methods to determine when a defendant is entitled to counsel at such a hearing. For example, Kansas law allows a defendant to withdraw a guilty plea after sentencing, only if to do so would correct manifest injustice. Kan. Stat. Ann. § 22-3210(d); *State v. Jackson*, 874 P.2d 1138, 1140 (Kan. 1994). The Kansas Supreme Court has held that, if a showing of manifest injustice requires a hearing, such a hearing affects the substantial rights of the defendant. *Jackson,* 874 P.2d. at 1142. The Court held that, in that instance, a hearing on a post-judgment motion to withdraw a guilty plea is a critical stage during which the presence of counsel is required. *Id*. Similarly, Florida has established a right to counsel at a post-judgment hearing on a motion to withdraw a guilty plea, but only if the motion is filed within a time-frame established by court rule. Fla. R. Crim. P. 3.170(*l*); *Wendt v. State*, 19 So. 3d 1024, 1026 (Fla. Dist. Ct. App. 2009). As a result, Florida courts have determined that hearings occurring within that specific time frame are considered a critical stage in the proceedings. *Id.*

Appellate courts in Montana and Washington have declined to find a right to counsel at a hearing on a post-judgment motion to withdraw a guilty plea. In *State v. Winston*, 19 P.3d 495 (Wash. App. 2001), the defendant filed a motion to withdraw a guilty plea almost one year after sentencing. The defendant appeared at his hearing on the motion by telephone and argued his motion without counsel. After the motion was denied, the defendant appealed, arguing that the hearing on the motion was a critical stage. Citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), the Washington Court of Appeals held that there is no constitutional right to counsel during any post-conviction proceedings other than the first direct appeal of right, regardless of the potential for prejudice. *Winston,* 19 P.3d at 499. In *Finley*, the defendant filed an application for post-conviction relief after her conviction for murder was affirmed on direct appeal. Finley's court-appointed counsel reviewed the record and determined that no meritorious position existed to justify a claim for post-conviction relief. As such, the appointed counsel filed a report with

4

the trial court detailing this view and withdrew as counsel. Upon review of the record, the trial court agreed with counsel's assessment and dismissed Finley's claim. Finley appealed, arguing that counsel's withdrawal and the trial court's dismissal violated her right to counsel in a post-conviction action under the United States Constitution's Due Process Clause and Fourteenth Amendment. The Pennsylvania Superior Court reversed the trial court, determining that Finley's right to counsel under the Constitution was violated. In its decision reversing the Pennsylvania Superior Court, the United States Supreme Court explained:

> Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not a part of the criminal proceeding itself, and it is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness of the Due Process Clause does not require that the State provide a lawyer as well.

*Finley*, 481 U.S. at 556-57 (citations omitted).

In *Winston*, the Washington Court of Appeals analogized a post-judgment hearing on a motion to withdraw guilty plea to the type of post-conviction action described in *Finley*, and held that no right to counsel existed at either proceeding.[2] *Winston*, 19 P.3d at 497, 499. The Washington Court went on to distinguish between a post-judgment motion to withdraw a guilty plea and a similar motion filed before the entry of judgment. The Court explained that the proceedings prior to judgment are already considered to be a critical stage because the defendant

---

[2] Idaho Code Section 19-852(b) addresses the right to counsel in post-conviction proceedings:

> (b) A needy person who is entitled to be represented by an attorney under subsection (a) is entitled:
>
> . . . .
> (3) to be represented in any other post-conviction or post-commitment proceeding that the attorney or the needy person considers appropriate, unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding.

*See also State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994). Because Hartshorn appeals based on his Sixth Amendment right to counsel, however, we need not address his right to counsel under I.C. § 19-852(b).

is entitled to counsel during trial. *Id*. at 498. However, the Court concluded, a motion filed months after judgment carries no such constitutional guarantee. *Id*.

The Montana Supreme Court faced a similar issue in *State v. Garner,* 36 P.3d 346 (Mont. 2001). In *Garner*, the appellant filed a motion to withdraw a guilty plea four years after sentencing and almost three years after the conclusion of post-conviction proceedings. The Court held that such a motion to withdraw a guilty plea was not a critical stage of the proceedings. *Id*. at 356. The Court declined to take a "bright-line" approach and specify the precise point in the judicial process where the right to counsel attaches or expires. *Id*. at 355. Instead, the Court defined a critical stage as any part of the proceedings where there is potential for substantial prejudice to the defendant. *Id*. at 355-56. The Court concluded that there was little potential for substantial prejudice, because the appellant was represented by a number of attorneys throughout the legal proceedings, and because the time between the guilty plea and the filing of the motion to withdraw the guilty plea also provided ample opportunity to obtain counsel. *Id*. at 356. Therefore, the Court held that Garner's post-judgment hearing on the motion to withdraw guilty plea was not a critical stage. *Id*.

Like the Court in *Garner*, we must also examine whether a motion to withdraw a guilty plea after sentencing gives rise to a potential for substantial prejudice. Such a post-judgment motion to withdraw guilty plea is far removed from the trial process, where the potential for substantial prejudice is great, and throughout which the right to counsel is constitutionally guaranteed. During such a hearing prior to the entry of judgment, the presence of counsel may help avoid prejudice to the defendant should the motion be denied. For example, the success of counsel's argument at a pre-judgment motion has an immediate effect on the defendant's sentence. In contrast, unlike at trial, during a line-up, or during motions argued prior to sentencing, a judgment of conviction has already been entered before a post-judgment hearing on a motion to withdraw a plea takes place. Even if such a motion is denied, the defendant still has available the right to appeal his or her conviction or to file an application for post-conviction relief. As such, there is less potential for substantial prejudice to a defendant's rights.

At oral argument, Hartshorn asserted that the right to counsel at a hearing on a motion to withdraw a guilty plea exists in perpetuity, regardless of whether the hearing takes place after judgment has been entered, after the time for filing a direct appeal has expired, or after all appeals have been exhausted. Such an argument is untenable. Months or years after the

6

imposition of sentence or after the timeframe for filing a direct appeal has expired, the prejudice to the defendant is slight compared to the potential prejudice to the defendant at such a hearing prior to entry of judgment. Therefore, a post-judgment hearing upon a motion to withdraw a guilty plea is not a critical stage for purposes of the Sixth Amendment. As a result, Hartshorn has failed to show that he was deprived of his Sixth Amendment right to counsel at the post-judgment hearing on his motion to withdraw his guilty plea.

**B. Rule 35**

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Hartshorn argues that the district court erred by failing to consider his substance abuse problem as a mitigating factor at sentencing. Hartshorn further asserts that he has a new desire to receive substance abuse and mental health treatment. Previously, Hartshorn was ordered to complete substance abuse treatment as recommended by his probation officer in the controlled substance case. Unfortunately, Hartshorn did not attempt treatment as he escaped from custody just two days after being sentenced. Therefore, upon review of the record, we conclude Hartshorn has failed to show that the district court abused discretion by denying the Rule 35 motions.

### III.

### CONCLUSION

A post-judgment hearing on a motion to withdraw guilty plea is not a critical stage. Therefore, Hartshorn has failed to demonstrate that he was deprived of his Sixth Amendment right to counsel. In addition, Hartshorn has failed to show that the district court abused its discretion by denying the Rule 35 motions. Accordingly, the order of the district court denying

Hartshorn's motion to withdraw his guilty plea and the orders denying his Rule 35 motions are affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**