IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 12, 2017 Session

**WILLIAM MICHAEL PHILLIPS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Giles County**
**No. CR-12825, 16041      Robert L. Jones, Judge**

_____

**No. M2017-00118-CCA-R3-PC**
_____

Easter, J., concurring.

I concur with the conclusion reached by Judge Ogle that the post-conviction court properly denied the petition for post-conviction relief. I further agree with Judge Ogle's conclusion that any claims regarding judicial bias and recusal are waived. I write separately to address the Petitioner's claim that he was disadvantaged by not having appointed counsel to represent him at the hearing on his motion to withdraw his guilty plea. I do not believe a *post-sentencing* motion to withdraw a guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f) is a critical stage of the prosecution to which the right to counsel attaches.

In this case, Petitioner filed a pro se post-sentencing motion to withdraw his guilty plea, and the trial court gave Petitioner a hearing on that motion. At that hearing, Petitioner was rendered essentially without counsel when substitute counsel, who had not been relieved from representing Petitioner, took the stand and testified adversely to him, creating an actual conflict of interest. *See United States v. Davis*, 239 F.3d 283, 285-88 (2d Cir. 2001). Additionally, the record does not contain a constitutionally valid waiver of counsel by Petitioner. *See State v. Northington*, 667 S.W.2d 57, 61-62 (Tenn. 1984). In order to resolve whether the trial court had an obligation to provide yet another attorney or to obtain a constitutionally valid waiver of counsel from Petitioner before allowing him to proceed pro se, I believe we must determine whether there is a right to counsel at a hearing on a post-sentencing motion to withdraw a guilty plea.

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right to assistance of counsel at "critical stages" of the prosecution "where counsel's absence might derogate from the accused's right to a fair trial." *State v. Blye*, 130 S.W.3d 776, 780 (Tenn. 2004) (citing

*State v. Martin*, 950 S.W.2d 20, 25 (Tenn. 1997)). A critical stage is "a step of a criminal proceeding . . . that [holds] significant consequences for the accused." *Bell v. Cone*, 535 U.S. 685, 696 (2002). In the context of a guilty plea, plea hearings and the plea-bargaining process are clearly "critical stages." *Iowa v. Tovar*, 541 U.S. 77, 87 (2004) (discussing plea hearings); *Nesbit v. State*, 452 S.W.3d 779, 787 (Tenn. 2014) (examining the plea-bargaining process). Several federal circuit courts have held that a plea withdrawal hearing under federal criminal procedure is also a critical stage. *See Davis*, 239 F.3d at 286; *United States v. Sanchez-Barreto*, 93 F.3d 17, 20 (1st Cir. 1996); *United States v. Garrett*, 90 F.3d 210, 212 (7th Cir. 1996); *United States v. Crowley*, 529 F.2d 1066, 1069 (3d Cir. 1976). However, unlike the Tennessee Rules of Criminal Procedure, the Federal Rules of Criminal Procedure do not provide for the withdrawal of a guilty plea *after sentencing*. *Compare* Fed. R. Crim. Pro. 11(d)-(e) (stating that a defendant cannot withdraw a guilty plea after the court imposes a sentence), *with* Tenn. R. Crim. P. 32(f) (allowing withdrawal of a guilty plea to correct a manifest injustice after a sentence is imposed but before the judgment is final). "There has been no Federal recognition of a right to a post-sentence motion to withdraw [a] guilty plea, and it follows that there is no right to effective assistance of counsel at such proceeding." *Gilbert v. Hudson*, No. 1:08 CV 1867, 2009 WL 3246978, at *16 (N.D. Ohio Oct. 5, 2009).

Tennessee courts have not explicitly held whether a hearing on a post-sentencing motion to withdraw a guilty plea is a critical stage for the purposes of the right to counsel. This Court has held that failure to file a pre-sentencing motion to withdraw a guilty plea when clearly instructed to by a client is ineffective assistance of counsel. *Sylvia Laird v. State*, No. M2014-02020-CCA-R3-PC, 2015 WL 3454214, at *9 (Tenn. Crim. App. Jun. 1, 2015), *no perm. app. filed*. Also, this Court analyzed an ineffective assistance of counsel claim for failure to file a post-sentencing motion to withdraw a guilty plea where counsel failed to follow-up on information indicating a client was having "second-thoughts" and incorrectly informed the client's mother that counsel could not file a motion to withdraw a guilty plea on the client's behalf. *Patrick Devin Camp v. State*, No. E2012-00198-CCA-R3-PC, 2013 WL 3103974, at *19-20 (Tenn. Crim. App. Jun. 17, 2013) (holding that even though trial counsel failed to meet his duty, Petitioner failed to show prejudice), *perm. app. denied* (Tenn. Nov. 12, 2013). Nevertheless, those cases provide little guidance on the specific issue raised in this case.

In *Gilbert v. Hudson*, 2009 WL 3246978, at *15, the United States District Court for the Northern District of Ohio analyzed a post-sentencing motion to withdraw a guilty plea under Ohio Criminal Rule 32.1, which has similar language as Tennessee Rule of Criminal Procedure 32(f). *Compare* Ohio Crim. R. 32.1 ("to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."), *with* Tenn. R. Crim. P. 32(f). The *Gilbert* court found "a *pre-sentence* motion to withdraw guilty plea present[ed] a very weak claim" for

qualification as a critical stage to the prosecution or appeal. 2009 WL 3246978, at *15 (emphasis in original) (citing *Hines v. Miller*, 318 F.3d 157 (2d Cir. 2003), which analyzed the split in authority as to whether a conflict of interest with trial counsel at a motion to withdraw hearing constituted the denial of the right to counsel or the denial of the effective assistance of counsel). In light of that notion, the District Court quipped that a post-sentencing motion to withdraw a guilty plea presented "no case at all," and held "[p]ost-sentence motions to withdraw guilty pleas are not critical stages." *Id.* at *15-16; *but see State v. McNeal*, No. 82793, 2004 WL 35762, at *2 (Ohio Ct. App. 2004) (noting that state case law merely suggests that a right to counsel exists when there is an evidentiary hearing on a motion to withdraw a guilty plea). The court reasoned that the post-sentencing motion to withdraw a guilty plea was neither a prerequisite nor a substitute for a direct appeal as of right and that the "manifest injustice" standard did not require technical legal argument. 2009 WL 3246978, at *16. Given the similarities between Ohio's Criminal Rule 32.1 and Tennessee's Rule of Criminal Procedure 32(f), I find the District Court's reasoning in *Gilbert* to be persuasive and agree with its conclusion—Petitioner's post-sentencing motion to withdraw his guilty plea presented "no case at all" for the purpose of the appointment of counsel.

Courts in Idaho, Montana, and Washington have similarly held that there is no right to counsel at hearing on a post-sentencing motion to withdraw a guilty plea. *See State v. Hartshorn*, 235 P.3d 404, 408 (Idaho Ct. App. 2010); *State v. Garner*, 36 P.3d 346, 356 (Mont. 2001); *State v. Winston*, 19 P.3d 495, 498 (Wash. Ct. App. 2001). Of those cases from other states, I find the Washington Court of Appeals' analysis in *Winston* particularly persuasive. *See* 19 P.3d at 497-98. In *Winston*, the court determined that, for the purposes of the right to counsel, a post-sentencing motion to withdraw a guilty plea should be treated like a post-conviction proceeding because it is a collateral attack on a judgment. *Id.* (distinguishing motions to withdraw guilty pleas filed prior to the entry of judgment, "at a time when the right to counsel at the trial stage was still present"). Thus, the *Winston* court held that there was no constitutional right to counsel at a post-judgment motion to withdraw a guilty plea. *Id.* at 499; *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding no constitutional right to counsel in a post-conviction proceeding). The court in *Winston* also reasoned that even if a hearing was warranted on the motion, there would still be no right to counsel. *Id.*

To be clear, there are cases from other jurisdictions that have confronted the issue and determined that the right to counsel does extend to a post-sentencing motion to withdraw a guilty plea. However, those jurisdictions either found that the right only attaches when the motion raises substantial questions of law or triable issues of fact, *see State v. Jackson*, 874 P.2d 1138, 1142 (Kan. 1994), or based the right on state case law using a broader definition of "critical stage," *see Fortson v. State*, 532 S.E.2d 102, 103-04

- 3 -

(Ga. 2000) (quoting *Ballard v. Smith*, 169 S.E.2d 329, 330 (Ga. 1969)). However, I have found no such language in Tennessee case law.

Petitioner urges this Court to provide clarity in Tennessee and find that he had the right to counsel at the hearing on his motion to withdraw his guilty plea. In light of the aforementioned cases and the lack of Tennessee case law dealing with this issue directly, I refrain from holding that a hearing on a post-sentencing motion to withdraw a guilty plea is a critical stage and decline to extend the right to counsel that far. As the Federal District Court noted in *Gilbert*, a post-sentencing motion to withdraw a guilty plea is neither a prerequisite nor a substitute for a direct appeal as of right from a guilty plea. 2009 WL 3246978, at *16; *see* Tenn. R. Crim. P. 37(b)(2) (setting forth when an appeal lies from a guilty plea). Thus, in my view, a post-sentencing motion to withdraw a guilty plea should be viewed similarly to a post-conviction proceeding where a petitioner has no constitutional right to counsel. *See Winston*, 19 P.3d at 499; *see also Frazier v. State*, 303 S.W.3d 674, 680 (Tenn. 2010) (stating that there is not a constitutional right to counsel in state post-conviction proceedings but rather a statutory right to counsel) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991); T.C.A. § 40-30-107(b)(1)). Unlike a post-conviction proceeding, there is no statutory right to counsel for a motion to withdraw a guilty plea under Tennessee law. Thus, the right to counsel, either constitutional or statutory, did not attach at Petitioner's hearing on his post-sentencing motion to withdraw his guilty plea. Accordingly, I conclude that the trial court did not err when it did not appoint new counsel to Petitioner or determine if Petitioner was willing and fit to proceed pro se.

_____
TIMOTHY L. EASTER, JUDGE