FILED
United States Court of Appeals
Tenth Circuit

November 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

JAMES EDWARD CLAYTON,

Petitioner-Appellee,

v.

JUSTIN JONES, DOC Director,

Respondent-Appellant.

No. 11-7000

---

**Appeal from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. 6:06-CV-00014-FHS-KEW)**

---

Submitted on the Briefs:

E. Scott Pruitt, Attorney General, and Dianne L. Slayton, Assistant Attorney General, State of Oklahoma, Oklahoma City, Oklahoma, on the briefs for Respondent-Appellant.

Fred P. Gilbert of Tulsa, Oklahoma, on the brief for Petitioner-Appellee.

---

Before **BRISCOE**, Chief Judge, **SEYMOUR**, and **EBEL**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

James Clayton, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, contending he received ineffective assistance of counsel when his attorney ignored his repeated instructions to file an appeal after he pled guilty. The magistrate judge found that Mr. Clayton's attorney disregarded his request to file an appeal and recommended that the district court conditionally grant the writ and order that Mr. Clayton be allowed to withdraw his guilty plea within 120 days. The district court agreed and so held. On appeal, the State contends the district court's finding is clearly erroneous. It argues alternatively that even if habeas relief is warranted, the district court should have only allowed Mr. Clayton an out of time direct appeal, rather than the right to withdraw his guilty plea.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm the finding that Mr. Clayton received ineffective assistance of counsel on appeal. We order a limited remand to the district court to allow it to supplement the record with its reasons for ordering as the remedy that Mr. Clayton be permitted to withdraw his guilty plea. We will retain jurisdiction over the appeal while the district court supplements the record.

## I. BACKGROUND

**A. Procedural History**

In 1983, Mr. Clayton, acting pro se, pled guilty to second degree murder

and other charges arising from a robbery which resulted in the death of a woman who was struck by Mr. Clayton's car as he was attempting to elude police. We described in our first decision involving Mr. Clayton's conviction what then occurred:

> Several days later, petitioner sought to withdraw his guilty plea on several grounds, including that he was not competent to enter the plea. The trial court appointed counsel to represent petitioner and ordered that his mental status be evaluated. The court subsequently held an evidentiary hearing, after which it denied the motion to withdraw the plea. Petitioner appealed, challenging the validity of his plea on three grounds, including that he was not competent to enter the plea because he had a mental impairment and he was under the influence of drugs at the time of the plea. The Oklahoma Court of Criminal Appeals (OCCA) rejected his arguments and affirmed his convictions.

> Thereafter, petitioner filed a motion for post-conviction relief in which he raised several new challenges to the validity of his plea and to the propriety of his sentence and he asserted a claim for ineffective assistance of appellate counsel for failing to raise these additional issues on direct appeal. The trial court denied his post-conviction application, and the OCCA affirmed. The OCCA first concluded that petitioner had waived any claims of ineffective assistance of trial counsel by failing to raise them on direct appeal, where he was represented by different counsel. The court then considered petitioner's claim that his appellate counsel had provided ineffective assistance, and rejected that claim on the merits.

*Clayton v. Oklahoma* (*Clayton I*), No. 98-7105, 1999 WL 1037510 *1 (10th Cir. Nov. 12, 1999) (unpublished).

After exhausting his claims in state court as described above, Mr. Clayton filed a federal habeas action in 1996 claiming, among other things, his 1983 guilty plea was involuntary due to ineffective assistance of counsel. In 1999, we

reversed the district court's 1998 conclusion that the claim was procedurally barred and remanded for further proceedings.

The magistrate judge held an evidentiary hearing on Mr. Clayton's claims and issued a recommendation in March 2003 that Mr. Clayton be granted habeas relief. The magistrate judge found that Mr. Clayton had been forced to choose between going to trial with ineffective counsel or proceeding *pro se*. Aple. Cross-App., vol. I at 4. The judge further found that Mr. Clayton's waiver of counsel was not knowing and intelligent. *Id.* at 5. The district court agreed, conditionally granted the writ, and ordered that Mr. Clayton be allowed to withdraw his plea within 120 days.

Back in state court, in September 2004 Mr. Clayton again entered a blind guilty plea to five counts, including second degree murder. He received a life sentence for the murder charge.[1] He was represented by counsel, Mr. Albert Hoch, Jr. During the plea and sentencing proceedings, the state district court informed Mr. Clayton that he had a right to appeal the decision and that he had ten days in which to do so. The court also asked Mr. Hoch to "stay on as [Mr. Clayton's] attorney for a period of ten days" and "stay on through any appeal time that might run." Aplt. App., vol. I at 129. Neither an application to withdraw the

---

[1] Although Mr. Clayton continues to serve his life sentence, he has completed the sentences for the remaining four counts. He does not challenge those four counts in this proceeding.

-4-

plea nor a direct appeal was filed.

In August 2005, Mr. Clayton filed *pro se* an application for post-conviction relief in the state district court contending, *inter alia*, that his attorney made false pre-plea promises to him and that he had received ineffective assistance of counsel when his attorney ignored his repeated requests to file a direct appeal. Without holding an evidentiary hearing, the court (the same judge who took Mr. Clayton's September 2004 guilty plea) issued a lengthy decision denying Mr. Clayton's application on the merits. The court relied on the transcript of the September 15, 2004, plea hearing and its own familiarity with Mr. Clayton's case in rejecting his petition. *See* Aple. App., Vol. I at 62 ("It is the finding of this Court that [Mr. Clayton] has not met his burden of showing that counsel's performance was deficient and further finds that [Mr. Clayton] was represented at all stages of this matter by experienced and competent attorney who provided him effective assistance of counsel."). Ultimately, the court concluded as follows:

> The Court has before it a 60 year old Defendant/Petitioner that is very savvy of the court system, and has earned over 360 college hours while in prison. The Court, Prosecution and Defense went over every aspect of the blind plea meticulously, ever mindful of the fact that this Defendant/Petitioner has tried for twenty-two years to get a rehearing in this case, wanted to make sure that Defendant/Petitioner was fully aware of what he was doing and understood all consequences, that he understood that he had a right to continue to jury trial in five days, and that he was satisfied with the representation of his attorney. The Court is fully and completely satisfied that Defendant/Petitioner knowingly, willingly, and intelligently entered this blind plea and that it was proper in all respects. Further, from the correspondence received from the

-5-

> Defendant after the sentencing, this Court is fully satisfied that Defendant did not wish to withdraw this plea. The Defendant had no grounds on which to withdraw his plea, and has stated no grounds upon which to base a withdraw [sic] of his plea.
>
> The Court feels that this Defendant did not wish to withdraw his plea and was satisfied and wished to proceed to the parole board, and that Defendant did not become dissatisfied with his plea until he was denied parole.

*Id.* at 63-64.

Mr. Clayton appealed the state district court's ruling to the OCCA. In a written order issued on December 20, 2005, the OCCA affirmed denial of post-conviction relief, holding Mr. Clayton's claims procedurally barred because they could have been raised on direct appeal. The OCCA outlined in detail and agreed with the trial court's analysis of Mr. Clayton's claims for relief. *See id.* at 108 ("We find nothing in this record supporting [Mr. Clayton's] claim that his pleas were not knowing and voluntarily entered, nor do we find support for [Mr. Clayton's] claims that he was denied effective assistance of counsel."). Neither the state district court nor the OCCA made a finding with regard to whether Mr. Clayton had asked Mr. Hoch to file an appeal.

Mr. Clayton again filed a petition for habeas relief in federal district court. The district court denied the petition as procedurally barred. In *Clayton II*, we granted a certificate of appealability on the issue of whether counsel's alleged failure to enter an appeal on behalf of Mr. Clayton constituted ineffective assistance of counsel. We rejected the notion that a criminal defendant's relative

sophistication as a pro se litigant could be a sufficient basis for denying an ineffective assistance of counsel claim that his attorney had disregarded specific instructions to appeal. We explained, "That a particular litigant demonstrates knowledge of the judicial process does not lessen his entitlement under the Sixth Amendment to 'the *Assistance* of Counsel for his defense.'" *Id.* at 424 (quoting U.S. Const. amend. VI (emphasis added)). "When counsel fails to follow explicit instructions to file an appeal, a defendant is entitled to a new appeal, regardless of whether an appeal had or would likely have had any merit." *Id.* at 423 (citing *Peguero v. United States*, 526 U.S. 23, 28 (1999); *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005)). We vacated the district court judgment and remanded "for a hearing to determine whether Mr. Clayton requested counsel to file an appeal." *Id.* at 425.

## B. Evidentiary Hearing

At the evidentiary hearing before a magistrate judge, Mr. Clayton introduced the testimony of six witnesses, including himself. Mr. Clayton testified that before his plea hearing, Mr. Hoch told him that if he entered a guilty plea to the charges, he would be home by Christmas of that year. Mr. Hoch also told Mr. Clayton not to say anything in the courtroom about the alleged deal. Although Mr. Clayton expressed reservations, Mr. Hoch said, "'If anything goes wrong . . . we will appeal.' He said, 'I'll file a motion to withdraw [the plea], you can appeal it,' and said 'we'll have it and we'll undo the deal right there.'" Aplt.

App., vol. III at 686. Mr. Clayton testified that just before entering the courtroom to plead guilty, he told Mr. Hoch, "'Okay. Well, let's appeal it then.'" *Id.* at 687.

Mr. Clayton also testified that after the hearing, he and his family met with Mr. Hoch in a holding cell. Mr. Clayton told Mr. Hoch, "don't forget to appeal" the second degree murder count. *Id.* at 690. Mr. Hoch "waved his hand and kept going and . . . said 'got it' or 'okay' or something." *Id.* at 691.

Mr. Clayton explained that within a few days of entering his guilty plea, jail employees told him that he would not be coming up for parole that November. Mr. Clayton then began trying to contact Mr. Hoch. His wife and brother-in-law also placed calls to Mr. Hoch. Mr. Clayton testified that during the ten-day period after his plea, he made twenty-two phone calls to Mr. Hoch, but none of the calls were accepted. Mr. Hoch never spoke to Mr. Clayton or to those calling on his behalf. Jail telephone records corroborated that Mr. Clayton repeatedly but unsuccessfully called Mr. Hoch's office. Jail records also showed that Mr. Clayton mailed a letter to Mr. Hoch on September 24, asking him to file an appeal. A copy of the letter was admitted into evidence.

During the ten-day window for withdrawing the plea, Mr. Clayton sent the state district court judge two letters, both of which were admitted into evidence. Neither letter mentioned that Mr. Clayton wanted to withdraw his plea and appeal, although the second letter acknowledged the deadline to file an application to withdraw the plea. *See id.* at 802 ("I have until next Monday – September 27,

-8-

2004 – to file a motion to withdraw . . . (which will not happen I pray).").  Mr. Clayton testified that he wrote the first letter the day after his sentencing, when he assumed his understanding of the plea deal was correct.  He testified that he wrote the second letter because he was concerned about whether he would receive credit for all of the time he had already served.

Jerry Seitz, a minister, testified at the hearing on Mr. Clayton's behalf.  He said he was present when Mr. Clayton and his family met with Mr. Hoch before the plea hearing.  Mr. Seitz heard Mr. Hoch say that Mr. Clayton would be home by Christmas if he pled guilty.  Ten or twelve days after Mr. Clayton pled guilty, Mr. Clayton's wife contacted Mr. Seitz and asked him to call Mr. Hoch on behalf of Mr. Clayton.  Mr. Seitz called Mr. Hoch three or four times and left messages each time.  On the fourth call, Mr. Seitz specifically stated in the message that Mr. Clayton wanted to appeal.  He never heard back from Mr. Hoch.

Attorney Steve Presson testified that Mr. Clayton's wife called him in late 2004, shortly after the deadline for attempting to withdraw Mr. Clayton's plea.  She asked him for help withdrawing the guilty plea.  She told him that she and Mr. Clayton had been unable to reach Mr. Hoch.  Mr. Presson attempted to call Mr. Hoch five or six times over the next several weeks and left his name and phone number each time, but never spoke to him.

Muskogee County Sheriff Charles Pearson testified that he knows Mr. Clayton from the Muskogee County jail.  Based on his experience, he found Mr.

Clayton to be "honest and truthful in the matters that required investigation or complaints that he had made . . . ." *Id.* at 626.

Craig Sutter, from the Oklahoma Indigent Defense System, testified that Mr. Hoch, as appointed counsel, would have been expected to accept at least one telephone call from his client during the ten-day window for applying to withdraw a guilty plea.

The State did not present any witnesses at the hearing. It submitted several exhibits into evidence, including an affidavit from Mr. Hoch. In the affidavit Mr. Hoch stated,

> If Mr. Clayton had indicated prior to entering a plea that he wanted to withdraw it immediately after entering, I would not have gone through the frivolous event of entering a sham plea. . . . At the time of his sentencing, Mr. Clayton appeared satisfied with his sentence and he never indicated a desire to appeal. At no time after the sentence did Mr. Clayton express a desire to withdraw his plea and/or appeal, either orally or in writing. If he had so indicated, a Motion to Withdraw Plea would have been filed and a hearing date would have been set. . . .

Aplt. App., vol. II at 558-59. Mr. Hoch also averred that he had never promised Mr. Clayton could be home by Christmas, and he had "no recollection of, nor any record of having ever received" the letter from Mr. Clayton asking to appeal. *Id.*

## C. District Court Decision

After the evidentiary hearing, the magistrate judge issued a report and recommendation. After summarizing the evidence, the court found "the respondent has failed to refute petitioner's allegation that his attorney failed to

comply with petitioner's request to file an appeal." Aplt. App., vol. III at 967.

The magistrate judge recommended that the case "be held in abeyance for not

longer than 120 days to allow petitioner to withdraw his guilty plea to Count 1,"

the second degree murder count. *Id.* After the parties filed their objections to the

report and recommendation, the district court adopted and affirmed the

magistrate's findings and recommendations. *Id.* at 1012.


## II. MERITS OF PETITION

The State first argues on appeal that the district court committed clear error

in finding that Mr. Clayton had asked his attorney Mr. Hoch to file an appeal

from his guilty plea. Because Mr. Clayton's habeas claim was not decided on the

merits in the state court proceedings, we exercise our "independent judgment" and

"review the federal district court's conclusions of law de novo." *McCracken v.*

*Gibson*, 268 F.3d 970, 975 (10th Cir. 2001). We review the court's factual

determinations for clear error. *Id.*; *see also Welch v. Workman*, 639 F.3d 980, 992

(10th Cir. 2011).

In Oklahoma, if a defendant's conviction is based on a guilty plea, he may

pursue an appeal to the OCCA only by a petition for a writ of certiorari. *Hickman*

*v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (citing Okla. Stat. Ann. tit. 22

§ 1051). First, however, the defendant must file an application in the trial court

to withdraw his plea within ten days of the judgment and sentence, with a request

for an evidentiary hearing. Okla. R. Crim. App. 4.2(A); *see also Hickman*, 160 F.3d at 1271. The court must hold an evidentiary hearing and rule on the application to withdraw the plea within thirty days from the date the application was filed. Okla. R. Crim. App. 4.2(B). "The application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing this appeal . . . ." *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993). If the trial court denies the motion to withdraw, the defendant may then appeal by way of a petition for writ of certiorari. *See* Okla. Stat. Ann. tit. 22 § 1051(a); Okla. R. Crim. App. 4.2(D).

Although referred to as a certiorari appeal, "Oklahoma has always treated this appeal as an appeal of right." *Randall*, 861 P.2d at 316. Accordingly, defendants are entitled to effective assistance of counsel during the period available for appeal from the conviction. *Hickman*, 160 F.3d at 1273; *see also Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

By the same token, "because appeals are a part of the criminal process, a defendant is denied effective assistance of counsel if he asks his lawyer to perfect an appeal and the lawyer fails to do so by failing to file a brief, a statement of appeal, or otherwise." *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir. 1990) (internal citations omitted); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). If

counsel does not "file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Flores-Ortega*, 528 U.S. at 477 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1969)) (alteration in original) (internal quotation marks omitted).

The district court, by adopting the magistrate judge's findings and recommendations, found the State had not refuted Mr. Clayton's evidence that his attorney failed to comply with his request to file an appeal. Ample evidence supports the district court's finding. Mr. Clayton provided testimony regarding his multiple requests that Mr. Hoch file an appeal and his repeated but fruitless attempts to contact Mr. Hoch during the ten-day window for filing an application to withdraw the guilty plea, a precursor to an appeal. Mr. Clayton's testimony was corroborated by jail telephone records showing twenty-two attempted calls to Mr. Hoch during this ten-day period and a jail mail record showing that Mr. Clayton mailed Mr. Hoch a letter during the same period. Other witnesses testified of their own unsuccessful efforts to contact Mr. Hoch on Mr. Clayton's behalf to seek an appeal.

The State asks us to disregard Mr. Clayton's evidence, including his testimony and the letter to Mr. Hoch, for credibility reasons. It claims "any reliance on the credibility of the Petitioner, who once again wants out of a plea deal and has multiple felonies is clearly erroneous." Aplt. Br. at 18. There is no merit to this argument. "We must defer to the district court's credibility

determinations." *Romano v. Gibson*, 239 F.3d 1156, 1173 (10th Cir. 2001). And here, where Mr. Clayton's testimony was corroborated by jail records and the testimonies of an attorney and a pastor, the district court's finding that he asked his attorney to file an appeal cannot be clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.").

Evidence relied upon by the State does not persuade us otherwise. The State points to the transcript of Mr. Clayton's plea hearing, when Mr. Clayton testified he was satisfied with his counsel's representation. But Mr. Clayton's testimony during the plea hearing does not bear upon whether he subsequently asked his attorney to appeal, or to file an application to withdraw the plea, for reasons that became apparent only after the hearing. For a similar reason, Mr. Hoch's affidavit does not render the district court's finding clearly erroneous. As the magistrate judge noted, Mr. Hoch's affidavit failed to address the unanswered calls to his office and unreturned messages from Mr. Clayton's surrogates.

The district court's determination that Mr. Clayton asked his attorney to file an appeal on his behalf is "'plausible in light of the record viewed in its entirety,'" *Amadeo v. Zant*, 486 U.S. 214, 223 (1988) (quoting *Anderson*, 470

U.S. at 573-74), and therefore cannot be clearly erroneous. Mr. Clayton received ineffective assistance of counsel when his attorney disregarded his request to appeal. *Flores-Ortega*, 528 U.S. at 477.

### III. REMEDY

Having affirmed the district court's finding that Mr. Clayton was denied his right to appeal due to ineffective assistance of counsel, we turn to the remedy granted by the district court. The court granted Mr. Clayton a conditional writ, allowing him 120 days to withdraw his guilty plea as to Count 1 of his conviction. The State argues this remedy is an abuse of discretion because the district court found no infirmity in Mr. Clayton's conviction or sentence, only in his representation on appeal.

"Federal habeas corpus practice . . . indicates that a court has broad discretion in conditioning a judgment granting habeas relief." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Federal courts are authorized under 28 U.S.C. § 2243 to "dispose of the matter as law and justice require." In light of this broad discretion to craft appropriate habeas relief, "[w]e review the district court's formulation of an appropriate habeas corpus remedy for abuse of discretion." *Douglas v. Workman*, 560 F.3d 1156, 1176 (10th Cir. 2009).

"Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional

violation and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364 (1981); *see also Williams v. Jones*, 571 F.3d 1086, 1090 (10th Cir. 2009) (same). Generally when a defendant is denied the right to appeal because of ineffective assistance of counsel, "the appropriate remedy is to grant his petition for a writ of habeas corpus unless the . . . state courts provide him with an out of time appeal within a reasonable time." *Baker v. Kaiser*, 929 F.2d 1495, 1500 (10th Cir. 1991); *see e.g.*, *Johnson v. Champion*, 288 F.3d 1215, 1230 (10th Cir. 2002); *Romero v. Tansy*, 46 F.3d 1024, 1031 (10th Cir. 1995); *Abels*, 913 F.2d at 823.

Here, however, the district court did not grant Mr. Clayton the right to file a motion to withdraw his guilty plea, which would enable him to file a direct appeal out of time should the state trial court deny the motion.[2] Instead, the court granted a conditional writ ordering the State to allow Mr. Clayton to withdraw his guilty plea as to Count 1 of his conviction. Neither the magistrate judge's report and recommendation nor the district court's order explains why this was the appropriate form of relief.

Certainly a district court is not confined to only granting an appeal out of

---

[2] Under Oklahoma criminal procedures, a new direct appeal would most likely take the form initially of the right to submit an application to withdraw the plea. Mr. Clayton would then be afforded an evidentiary hearing and a right to appeal if the application to withdraw the plea were denied. *See* discussion, *supra* at 10-11.

time when a petitioner has been denied his right to a direct appeal. It is not unprecedented for a district court to fashion a remedy for ineffective assistance of counsel on appeal that goes beyond an appeal out of time. For example, in *Hannon v. Maschner*, 981 F.2d 1142, 1144 (10th Cir. 1992), the petitioner's appointed trial counsel failed to file a direct appeal from his conviction. After the petitioner had been imprisoned for thirty-three years, the district court granted an unconditional writ ordering that he be released from custody. *Id.* We affirmed. We explained that after thirty-three years of imprisonment without an appeal, "a direct appeal would not vitiate the prejudice to the petitioner from the denial of direct appellate review." *Id.* at 1145. Similarly, we have observed that where a state prisoner has suffered an unconstitutional delay of appeal, in "egregious cases" the proper relief may be "the outright discharge of the petitioner from state custody." *Harris v. Champion*, 938 F.2d 1062, 1070 (10th Cir. 1991). Other courts have affirmed similarly broad remedies for petitioners who have been denied the right to appeal. *See, e.g.*, *Ramchair v. Conway*, 601 F.3d 66 (2d Cir. 2010) (affirming grant of new trial rather than new appeal as remedy for ineffective assistance of counsel on appeal because of long delay since conviction, further delay that would be caused by an appeal, and "unassailably meritorious" claim that should have been raised on appeal); *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005) (granting unconditional writ to petitioner whose multiple appointed appellate attorneys failed to file appellate brief for over eight years).

But in those cases, it was clear why a departure from the conventional relief of a new appeal was warranted. Here, the district court offered no explanation for why its chosen remedy of withdrawal of the guilty plea is the appropriate type of relief. It is possible that the court believed this was a similarly extraordinary case. Mr. Clayton has been imprisoned for nearly thirty years and has not yet received constitutionally-sufficient process. But without an explanation of why it exercised its discretion in the manner it did, we are unable to review the district court's decision.

To facilitate our review of the remedy, we order a limited remand to allow the district court to clarify why it granted Mr. Clayton a withdrawal of his guilty plea rather than an appeal out of time. *See* 28 U.S.C. § 2106 (giving courts of appeals power to "require such further proceedings to be had as may be just under the circumstances"); *see also, e.g.*, *Steeley v. Chase*, 443 F.3d 1290, 1295 (10th Cir. 2006) (ordering limited remand to district court asking for explanation on the record of evidentiary ruling); *United States v. Davis*, 912 F.2d 1210, 1215 (10th Cir. 1990) (ordering limited remand to district court asking for explanation or reasons for extent of departure from sentencing guidelines); *Ramchair*, 601 F.3d at 681 (noting its prior remand to district court for "clarification of its decision to grant Ramchair a new trial, rather than a new appeal" to petitioner who received ineffective assistance of counsel on appeal). The district court shall supplement the record in this appeal within sixty days with an explanation of its reasons for

the remedy given.  We will retain jurisdiction over the appeal, and no new notice of appeal shall be required when supplementation of the record is complete.

## IV. CONCLUSION

We **AFFIRM** the district court's determination that Mr. Clayton is entitled to habeas relief because he received ineffective assistance of counsel in state court.  Given that the district court did not explain its reasons for granting a conditional writ requiring the state to allow Mr. Clayton to withdraw his guilty plea, however, we **REMAND** this matter to the district court for an explanation. We will retain jurisdiction over this appeal pending the district court's ruling, which shall be certified to this court as a supplemental record within sixty days. The clerk of the court is instructed to transmit this opinion to the district court.