FILED
United States Court of Appeals
Tenth Circuit

February 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES EDWARD CLAYTON,

      Petitioner-Appellee,

v.

JUSTIN JONES, DOC Director,

      Respondent-Appellant.

No. 11-7000
(D.C. No. 6:06-CV-0014-FHS-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **SEYMOUR**, and **EBEL,** Circuit Judges.

Mr. James Clayton, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. After an evidentiary hearing before the magistrate judge, the district court granted Mr. Clayton a conditional writ, finding that he had received ineffective assistance of counsel when his attorney ignored his instructions to file an appeal after his guilty plea. As a remedy, the court ordered that Mr. Clayton be allowed to withdraw his guilty plea within 120 days. A full

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

account of the procedural history and factual background is contained in our previous published order in this case, *Clayton v. Jones*, 700 F.3d 435 (10th Cir. 2012). We affirmed the determination that Mr. Clayton was entitled to habeas relief, but we retained jurisdiction and remanded to the district court for an explanation of the remedy it had ordered. *Id.* at 444-45.

The district court has responded. The court stated that upon review of the record and further reflection, it has concluded the remedy it previously ordered is incorrect and the proper remedy is an order directing the Oklahoma state courts to provide Mr. Clayton with an out-of-time appeal. Resp. to the Tenth Circuit Court of Appeals' Remand, Jan. 14, 2013, *citing* Baker *v. Kaiser*, 929 F.2d 1495, 1500 (10th Cir. 1991) ("[T]he appropriate remedy [when a defendant is denied the right to appeal because of ineffective assistance of counsel] is to grant his petition for a writ of habeas corpus unless the . . . state courts provide him with an out of time appeal within a reasonable time.").

As we recognized in our prior order, 700 F.3d at 443, we review the district court's determination of the appropriate remedy for abuse of discretion. In light of the court's response and the cases cited in our prior opinion, *id.* at 443-44, we cannot say the district court abused its discretion in concluding on remand that the proper remedy in this case is for the state court to provide an out-of-time appeal to Mr. Clayton within ninety days. We therefore reiterate our conclusion that the judgment be AFFIRMED and REMAND this matter to the district court

with instructions to proceed in accord with its January 14, 2013 order. If the state grants leave to Mr. Clayton to appeal out of time within ninety days from the date of issuance of our mandate, the district court shall dismiss the underlying proceeding. If the state fails to do so, the district court shall issue the writ releasing Mr. Clayton. *See Baker*, 929 F.2d at 1501.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge