**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LEWIS EDWARD MURRELL,

     Petitioner - Appellant,

v.

JANET DOWLING,

     Respondent - Appellee.

No. 15-6144
(D.C. No. 5:14-CV-00863-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Lewis Murrell seeks a certificate of appealability ("COA") to challenge the

dismissal of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss the appeal.

**I**

Murrell pled guilty to aggravated assault and battery in Oklahoma state court

and was sentenced to 25 years' imprisonment. His judgment of conviction was

entered on April 4, 2012. More than one year later, Murrell filed multiple

applications for state post-conviction relief. The trial court denied the motions and

the Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

---

[*]This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On August 12, 2014, Murrell filed a § 2254 petition asserting ineffective assistance of counsel. A magistrate recommended that the petition be dismissed as untimely. The district court adopted the magistrate judge's recommendation and denied Murrell a COA. Murrell now seeks a COA from this court.

**II**

Murrell cannot appeal the dismissal of his § 2254 petition without a COA. § 2253(c)(1)(A). When a habeas petition is disposed of on procedural grounds, we will issue a COA if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner generally has one year from the date his conviction becomes final to file in federal court. § 2244(d)(1)(A). Murrell's conviction and sentence were entered on April 4, 2012. Under Oklahoma law, he had ten days to move to withdraw his plea. See Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012). Because Murrell did not attempt to withdraw his plea within that deadline, his conviction became final on April 16, 2012.[1] Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). Murrell filed his first application for state post-conviction relief on April 10, 2013, with

---

[1] The actual ten-day period for Murrell to file a motion to withdraw ended on a Saturday. Under Oklahoma law, the deadline was thus extended to the following Monday. See Okla. Stat. tit. 12, § 2006(A)(1).

seven days remaining in the AEDPA limitations period. The OCCA affirmed the denial of post-conviction relief on April 25, 2014. Tolling the period during which his state applications were pending, see § 2244(d)(2), Murrell had until May 2, 2014 to file his habeas petition. His August 12, 2014 petition was thus untimely.

Construing his pro se pleadings liberally, see Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001), Murrell argues that he is entitled to equitable tolling because his attorney failed to advise him that he could file a motion to withdraw his guilty plea. Although "egregious misconduct" by counsel may warrant equitable tolling, allegations of "mere negligence" by an attorney in pursuing state post-conviction relief are insufficient. Fleming v. Evans, 481 F.3d 1249, 1256-57 (10th Cir. 2007). The circumstances alleged are not egregious, let alone misconduct. Because Murrell does not allege any "extraordinary circumstances beyond his control" that prevented him from timely filing, id. at 1254 (quotation omitted), he is not entitled to equitable tolling.

### III

Because reasonable jurists cannot debate the propriety of the district court's ruling, we **DENY** a COA. We **GRANT** Murrell's petition to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

3