FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT D. CARTER,

    Petitioner - Appellant,

v.

DEON CLAYTON, Warden,

    Respondent - Appellee.

No. 21-7049
(D.C. No. 6:19-CV-00243-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

In 2019, Robert D. Carter, an Oklahoma prisoner proceeding pro se,[1] filed a 28

U.S.C. § 2254 petition challenging his convictions stemming from his possession of child

pornography. Mr. Carter sustained the convictions after pleading guilty to the charges in

2016. The district court dismissed Mr. Carter's petition and denied a certificate of

appealability ("COA") because it held the petition was untimely where Mr. Carter filed

the petition more than one year after his convictions became final and no other provision

or doctrine governing timeliness applied. Mr. Carter asks us to issue a COA, arguing his

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Carter proceeds pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

petition relies on information withheld by the prosecutor such that his petition is timely under 28 U.S.C. § 2244(d)(1)(D). Concluding reasonable jurists could not debate the district court's dismissal of Mr. Carter's § 2254 petition, we deny a COA and dismiss this matter.

## I.    BACKGROUND

Pursuant to a warrant, authorities searched Mr. Carter's home and located a computer containing images of child pornography. Mr. Carter admitted to authorities that he used a peer-to-peer computer program to obtain child pornography and that there were images of child pornography on his computer. On January 22, 2016, in an Oklahoma district court, Mr. Carter pleaded guilty to charges of distribution of child pornography, aggravated possession of child pornography, and violation of Oklahoma statutes via a computer. On January 8, 2018, Mr. Carter filed for post-conviction relief and an out-of-time appeal, which the state district court denied the next day. On January 22, 2018, Mr. Carter filed a second motion for post-conviction relief, seeking again to pursue an out-of-time appeal. The state district court denied the motion on August 13, 2018. Mr. Carter appealed the denial of his second motion for post-conviction relief; but the Oklahoma Court of Criminal Appeals ("OCCA") denied the appeal.

Mr. Carter contends that, in December 2018, he obtained Oklahoma State Bureau of Investigation reports about the execution of the search of his home. In support of this proposition, Mr. Carter directed the federal district court to a photocopy of the envelope in which he contends his attorney mailed the reports to him. *See* ROA at 314 ("The date on which the factual predicate of my claims could have been discovered is December

17th, 2018. Ex. 7 is a copy of the envelope that the Oklahoma State Bureau of Investigation (OSBI) report was sent to me in."). However, the exhibit to which Mr. Carter points bears a postmark of December 11, *2017*, not 2018. *Id.* at 335.

The two reports on which Mr. Carter relies were prepared by Special Agents Rachell Savory and Adam Whitney. The special agents described the entry into Mr. Carter's home, indicating authorities "opened the glass storm door and knocked and announced" their presence before executing the search warrant by breaching the primary door to Mr. Carter's home.[2] ROA at 340; *see also id.* at 341 (stating that Special Agent Savory "knocked loudly on the front door, after opening the glass storm door"). On April 8, 2019, Mr. Carter filed a motion to withdraw his guilty plea in the state district court, arguing (1) his plea was not knowing, intelligent, and voluntary; (2) plea counsel provided ineffective assistance by not investigating his case; (3) authorities did not properly execute the search warrant and illegally entered his home by failing to knock and announce before breaching his door such that evidence seized during the search should have been suppressed; and (4) the state district court, when taking his plea, did not permit him to allocute to his crime. The state district court denied the motion as untimely and without merit. Mr. Carter appealed the district court's denial. On June 5, 2019, the OCCA dismissed Mr. Carter's appeal, concluding Mr. Carter had not demonstrated that the delay in seeking to withdraw his plea was through no fault of his own. This completed state court proceedings in Mr. Carter's case.

---

[2] In his § 2254 petition, Mr. Carter disputes the accuracy of the reports, contending the officers entered his home without first knocking and announcing their presence.

On July 31, 2019, Mr. Carter submitted his § 2254 petition. In his petition, Mr. Carter broadly contended (1) plea counsel provided ineffective assistance of counsel, (2) authorities improperly executed the search warrant by failing to knock and announce their presence before entering his home and by seizing items not authorized by the search warrant, (3) the district attorney committed prosecutorial misconduct by pursuing the case despite knowing about the knock and announce violation, (4) the state district court did not permit him an opportunity to allocute, and (5) he did not enter a knowing and voluntary guilty plea because he was not advised of the sentencing and sex offender registry consequences of pleading guilty. The State[3] moved to dismiss Mr. Carter's § 2254 petition as untimely. In response, Mr. Carter argued his § 2254 petition was timely where it was filed within one year of (1) the OCCA's dismissal of his appeal from the state district court's denial of his motion to withdraw his plea, making his petition timely under 28 U.S.C. § 2244(d)(1)(A); and (2) when he obtained Special Agents Savory's and Whitney's reports describing the search of his home and learned the factual predicate for his claims, making his petition timely under 28 U.S.C. § 2244(d)(1)(D). Related to the second argument, Mr. Carter contended the State created an impediment to challenging his conviction by not disclosing the reports prior to December 2018.

The district court granted the State's motion to dismiss as untimely and denied a COA. The district court reasoned Mr. Carter's § 2254 petition was not timely under 28 U.S.C. § 2244(d)(1)(A) where his conviction became final ten days after entry of his

---

[3] As the warden at Mr. Carter's institution of confinement has changed several times during the course of this action, we refer to the Respondent as the State.

guilty plea and more than a year elapsed between that date and his first post-conviction filing in state court. The district court also rejected Mr. Carter's argument for applying § 2244(d)(1)(B) and (D), concluding that where Mr. Carter was at home at the time of the search, he knew prior to receiving Special Agents Savory's and Whitney's reports whether authorities knocked and announced their presence before entering his home. Furthermore, the district court concluded Mr. Carter was not diligent in discovering facts underlying his claims and pursuing those claims. Mr. Carter moved for reconsideration, which the district court denied. Mr. Carter now asks this court to grant him a COA.

## II.     DISCUSSION

### A.     Standard for a COA

Without a COA, we do not possess jurisdiction to review the denial of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Where a district court denies relief and denies a COA, we will issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." *Charlton v. Franklin*, 503 F.3d 1112, 1114 (10th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). "This standard requires 'a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, where a district court denies relief on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

### B.     Analysis

Section 2244 of Title 28 of the United States Code establishes the applicable limitation period for commencing a § 2254 proceeding, stating, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Relevant to the arguments raised by Mr. Carter, the one-year statute of limitations runs from the latest of events described in § 2244(d)(1)(A), (B), or (D).

A § 2254 petition is timely under § 2244(d)(1)(A) if it is filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." "In Oklahoma, if a defendant's conviction is based on a guilty plea," to obtain a direct appeal he "must file an application in the trial court to withdraw his plea within ten days of the judgment and sentence." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (citing Okla. R. Crim. App. 4.2(A)). If a defendant who pleaded guilty does not seek to withdraw his guilty plea within ten days of the judgment and sentence, his conviction becomes final upon expiration of the ten-day period to so move. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing Okla. Stat. tit. 22, § 1501; Okla. Crim. App. R. 2.5(A), 4.2(A)).

Mr. Carter appeared before the state district court for judgment and sentence on January 22, 2016.[4] Thus, Mr. Carter had until February 1, 2016, to move to withdraw his

---

[4] The judgment and sentence was not filed by the court clerk for the state district court until February 18, 2016. Mr. Carter, however, does not argue that February 18, 2016, is the pertinent date from which he had ten days to seek to withdraw his guilty plea.

plea. But Mr. Carter did not move to withdraw his plea until April 8, 2019, well outside of the ten-day period to do so. Accordingly, Mr. Carter's convictions became final on February 1, 2016. It follows that, for his § 2254 petition to be timely under § 2244(d)(1)(A), Mr. Carter needed to submit his petition to the federal district court by February 2, 2017. *See United States v. Hurst*, 322 F.3d 1256, 1261–62 (10th Cir. 2003) (in the context of 28 U.S.C. § 2255 proceeding, adopting "anniversary date" approach to counting statute of limitations where limitations period begins day after finality and runs to anniversary of that date, even in a leap year); *see also Brooks-Gage v. Martin*, No. 21-7008, 2021 WL 3745199, at *2 (10th Cir. Aug. 25, 2021) (unpublished) (applying *Hurst* in § 2254 context). Therefore, where Mr. Carter did not submit his § 2254 petition until July 31, 2019, the district court's conclusion that the petition was not timely under § 2244(d)(1)(A) is not debatable or wrong.[5]

Alternatively, a § 2254 petition is timely under § 2244(d)(1)(D) if it is filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Mr. Carter contends the one-year period did not commence running under this subsection until he received

---

Nor could such an argument help Mr. Carter where he did not move to withdraw his guilty plea until April 2019.

[5] Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]." This tolling provision, however, does not help Mr. Carter where he did not pursue any relief in state court until September 2017, after the statute of limitations under § 2244(d)(1)(A) had fully run.

Special Agents Savory's and Whitney's reports regarding execution of the search warrant on his home.[6]

As an initial matter, whether authorities knocked and announced, the only item for which Mr. Carter relies on the reports by Special Agents Savory and Whitney, does not serve as a factual predicate for Mr. Carter's claims that the state district court did not permit him an opportunity to allocute or that he did not enter a knowing and voluntary guilty plea because he was not advised of the sentencing and sex offender registry consequences of pleading guilty. Accordingly, even if Mr. Carter's allegedly delayed receipt of the reports were sufficient to invoke § 2244(d)(1)(D), it does not relate to these two claims or support their timeliness.

Moreover, for two reasons, Mr. Carter cannot rely on § 2244(d)(1)(B) and (D) to demonstrate the timeliness of his remaining three claims stemming from the search of his home—(1) authorities improperly executed the search, supporting exclusion of evidence recovered during the search; (2) the prosecutor engaged in misconduct by pursuing the case despite the alleged knock and announce violation; and (3) counsel rendered ineffective assistance by not investigating the execution of the search and seeking

---

[6] In a parallel argument, Mr. Carter contends he may rely on 28 U.S.C. § 2244(d)(1)(B) to establish he timely filed his § 2254 petition. A petition is timely under § 2244(d)(1)(B) if it is filed within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." For the same reasons discussed in this section explaining why Mr. Carter is unable to demonstrate the reports by Special Agents Savory and Whitney provide a factual predicate supporting the violation of a constitutional right, Mr. Carter is unable to rely upon any delayed disclosure of the reports and § 2244(d)(1)(B) to demonstrate that the district court's dismissal of his § 2254 petition is debatable or wrong.

exclusion of evidence. First, to the extent he argues authorities never knocked and announced their presence, Mr. Carter would have been aware of this factual premise from the time of the search given that he was home when authorities executed the warrant and entered his home. And the reports by Special Agents Savory and Whitney do not suggest authorities failed to knock and announce. Rather, the reports indicate the authorities opened an exterior glass storm door before knocking on the primary door to Mr. Carter's residence. Second, to the extent Mr. Carter advances the narrower argument that authorities needed to knock and announce before opening his outer glass storm door, we have held that authorities opening a storm door prior to knocking and announcing does not amount to a constitutional violation. *See United States v. Walker*, 474 F.3d 1249, 1253 (10th Cir. 2007) ("In our view, opening the storm door to knock on the inner door, even though the inner door was partially open, was not a Fourth Amendment intrusion because such action does not violate an occupant's reasonable expectation of privacy.").[7] Thus, even if Mr. Carter could rely upon his alleged delayed receipt of the reports to demonstrate his claims are timely, he has not shown that it is debatable that this narrower argument can support the denial of a constitutional right. Accordingly, Mr. Carter has not satisfied the standard for obtaining a COA.

---

[7] In his request for a COA, Mr. Carter does not identify any contrary Oklahoma case law requiring authorities to knock and announce before opening an exterior storm door capable of supporting his ineffective assistance of counsel and prosecutorial misconduct claims.

## III.    CONCLUSION

We DENY a COA and DISMISS this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge