**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**February 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

KEVIN STATHAM,

    Petitioner - Appellant,

v.

CHRIS RANKINS,

    Respondent - Appellee.

No. 23-7023
(D.C. No. 6:22-CV-00030-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Kevin Statham is a pro se Oklahoma inmate who seeks a certificate of

appealability (COA) to challenge the dismissal of his 28 U.S.C. § 2254 habeas petition.

*See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254

petition).  The district court determined the petition was untimely and there was no basis

for applying statutory or equitable tolling.  We deny a COA and dismiss this matter.

I

Statham is serving two consecutive life sentences without the possibility of parole

after pleading no contest to two counts of first degree murder.  Judgment was entered on

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

May 16, 2013. Statham did not move to withdraw his plea or file an appeal, so his convictions became final ten days later, on May 27, 2013. *See* Okla. Stat. tit. 22, § 1051; Okla. R. Crim. App. 4.2; *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012).[1] Statham's subsequent efforts to obtain postconviction relief in the state courts were unavailing, and he then turned to the federal courts for relief.

Statham filed his federal habeas petition on January 18, 2022. The State moved to dismiss the petition as untimely, and the district court granted the motion. The district court determined the petition was not filed within one year of when his convictions became final, and none of several pleadings he filed long afterward extended the filing deadline. Further, the district court determined there was no basis for applying either statutory or equitable tolling, Statham did not argue or present evidence that he was actually innocent, and he was not entitled to a COA. Statham now seeks a COA from this court, asserting two new arguments that he did not raise in the district court.

## II

To obtain a COA, Statham "must make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard,

---

[1] Because Statham did not move to withdraw his plea and file an appeal, he could not petition the Supreme Court for certiorari review, and therefore the statute of limitations was not extended by 90 days during which he could have sought certiorari review. *See* 28 U.S.C. § 1257(a) ("Final judgments or decrees *rendered by the highest court of a State in which a decision could be had*, may be reviewed by the Supreme court by writ of certiorari." (emphasis added)); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (recognizing the one-year limitations period does not begin to run until the "Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari . . . has passed"); U.S. Sup. Ct. R. 13.1 (providing 90 days to petition for certiorari).

he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* And, because the district court dismissed the petition on procedural grounds, he must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id.*

Section 2244(d)(1) establishes a one-year statute of limitations for filing a habeas petition, running from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Statham does not dispute that his petition was untimely under § 2244(d)(1)(A), nor does he advance any argument under § 2244(d)(1)(C). Instead, he raises two entirely

3

new arguments that he did not present to the district court.  First, he argues that prison officials denied him access to his tribal identification cards and documentation until May 20, 2021.  Apparently invoking § 2244(d)(1)(B) or (D), he says prison officials' denial of his tribal records posed an "impediment" to filing his habeas petition and tolled the limitations period until he received those records, COA Appl. at 2, para. 4(a), which provided the "factual predicate" for his claims, *id.* at 3, para. 5 (internal quotation marks omitted).  The problem, however, is that Statham waived this argument by failing to raise it in the district court.  *See Harmon v. Sharp*, 936 F.3d 1044, 1066 (10th Cir. 2019) ("Petitioner did not raise this argument before the district court.  By failing to do so, he has waived it.").  Statham made a passing comment in a footnote of his habeas brief, questioning how inmates can advance their claims when the prosecution withholds records.  *See* R. at 44.  Elsewhere, he argued that public defenders render ineffective assistance when they withhold defense records.  *See id.* at 35, 56.  And, in his response to the State's motion to dismiss, he noted the statute of limitations was tolled until he received his tribal records from the Choctaw Nation.  *See id.* at 272-73.  But none of these varying arguments and scattered statements preserved the argument that Statham now raises in his COA application—*viz.*, that prison officials prevented him from filing his habeas petition by denying him access to his tribal records.  *See Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015) (recognizing this court will not consider either "a bald-faced new issue" or "a new theory on appeal that falls under the same general category as an argument presented below" (brackets and internal quotation marks omitted)); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (noting that

4

"scattered statements" made in the context of other issues and arguments are "insufficient to invoke appellate review").

Statham also waived his second argument in which he contends for the first time that he is actually innocent of his crimes. A claim of actual innocence stands as "an equitable *exception* to § 2244(d)(1)." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). The district court observed, however, and Statham acknowledges, that he did not raise an actual-innocence claim in the district court. Even actual-innocence claims are subject to waiver if not raised in the district court. *See Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (refusing to consider a new actual-innocence claim because "we must still adhere to our general rule against considering issues for the first time on appeal," "even for actual-innocence claims") (brackets and internal quotation marks omitted)). Hence, we will not consider Statham's new actual-innocence claim in the first instance. And absent any further argument demonstrating the district court's dismissal is reasonably debatable, Statham fails show he is entitled to a COA.

III

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

Allison H. Eid
Circuit Judge